IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2012-CA-6309
DIVISION: CVF

3:12-CV-840-J-25JRK

CARRIE HARRISON,

    Plaintiff,

vs.

GE CAPITAL RETAIL BANK,
170 West Election Road, Suite 125
Draper, Utah 84020
County of Salt Lake
    Serve On:
    Florida Secretary of State *per Fla. Stat. § 48.181*
    P.O. Box 6327
    Tallahassee, FL 32314

and

MONARCH RECOVERY MANAGEMENT, INC.,
    Serve On:
    C T Corporation System
    1200 South Pine Island Road
    Plantation, FL 33324 US
    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1. This is an action for injunctive relief and damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees brought by Plaintiff, Carrie Harrison, an individual consumer, for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by GE CAPITAL RETAIL BANK ("GE CAPITAL") and MONARCH RECOVERY MANAGEMENT, INC. ("MONARCH").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012, Fla. Stat. § 559.77(1) and 47 U.S.C. § 227(b)(3). Venue in this County is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Carrie Harrison, is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

4. Defendant, GE CAPITAL, is chartered as a National Bank with its main headquarters located at 170 West Election Road, Suite 125, Draper, Utah, 84020, County of Salt Lake.

5. Defendant, MONARCH, is a Pennsylvania corporation with its principal place of business at 10965 Decatur Road, Philadelphia, PA 19154.

6. MONARCH is registered as a consumer collection agency with the Florida Office of Financial Regulation. It regularly collects or attempts to collect debts for other parties by mail and telephone.

## BACKGROUND

7. Plaintiff had an alleged debt to GE CAPITAL arising out of personal, family, or household purposes.

8. Plaintiff, facing numerous financial difficulties, hired First Coast Consumer Law to represent her with regard to all debts and claims that her creditors may have had against her, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

2

9. Prior to October 18, 2011 GE CAPITAL had engaged CLIENT SERVICES, INC. ("CLIENT SERVICES") to service Ms. Harrison's alleged debt.

10. On October 18, 2011 Plaintiff, through counsel, advised GE CAPITAL and CLIENT SERVICES that she was represented by an attorney with regard to all accounts owned or serviced by GE CAPITAL and CLIENT SERVICES and requested that GE CAPITAL and CLIENT SERVICES cease all direct contact with Plaintiff. True and correct copies of the fax confirmations of the communications to GE CAPITAL and CLIENT SERVICES are attached hereto as Exhibits A and B, respectively.[1]

11. The October 18, 2011 communications to GE CAPITAL and CLIENT SERVICES placed GE CAPITAL on notice that (a) Ms. Harrison was represented by counsel with regards to her alleged debts, (b) Ms. Harrison did not wish to be contacted directly again by GE CAPITAL, and (c) Ms. Harrison disputed the alleged debt.

12. Upon information and belief, CLIENT SERVICES, upon receiving the October 18, 2011 communication, informed GE CAPITAL of CLIENT SERVICES' receipt of the October 18, 2011 communication, resulting in GE CAPITAL withdrawing Ms. Harrison's account from CLIENT SERVICES.

13. GE CAPITAL continued to disclose information to third Parties, including MONARCH, regarding the Plaintiff's alleged debt without disclosing the fact that Ms. Harrison disputed the alleged debt.

---

[1] The faxes sent to GE CAPITAL and CLIENT SERVICES each contained a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notices were signed by Ms. Harrison and contained her social security number to assist recipients in identifying affected accounts. Due to the inclusion of Ms. Harrison's social security number, the Notices of Representation are not filed herewith.

14. GE CAPITAL is party to an agreement or contract with MONARCH whereby GE CAPITAL hires or instructs MONARCH to collect consumer accounts on behalf of GE CAPITAL.

15. The agreement or contract between GE CAPITAL and MONARCH is in the exclusive possession of the Defendants.

16. Pursuant to that agreement or contract, GE CAPITAL electronically provides MONARCH's computer system with information regarding a consumer's account, including the consumer's name, address, telephone number, social security number and the amount of the debt, but which does not include information about whether any consumer is represented by an attorney.

17. Subsequent to the October 18, 2011 communications placing GE CAPITAL on notice of Ms. Harrison's status as a represented consumer GE CAPITAL assigned the alleged debt to MONARCH with the express intent that MONARCH engage in collection activity that had been expressly prohibited to GE CAPITAL.

18. MONARCH has no policy or procedure in place to determine whether or not a consumer account that is assigned to MONARCH is legitimate.

19. Instead, MONARCH's computer system automatically initiates collection activity upon assignment of an account without any review of the information provided to it by GE CAPITAL.

20. MONARCH, acting on behalf of its client, GE CAPITAL, willfully communicated with Ms. Harrison by means of at least thirty-two (32) telephone calls to Ms. Harrison's cellular telephone between January 7, 2012 and March 26, 2012.

21. Table 1 displays the times and dates of at least some of the telephone calls made by Monarch to Ms. Harrison's cellular telephone between January 7, 2012 and March 26, 2012:

**TABLE 1**
Telephone Calls Made to Plaintiff's Cellular Telephone Between
January 7, 2012 and March 26, 2012

| DATE | TIME | DATE | TIME | DATE | TIME |
|---|---|---|---|---|---|
| 1/7/12 | 8:33 A.M. | 1/28/12 | 8:43 A.M. | 2/19/12 | 9:40 A.M. |
| 1/9/12 | 5:20 P.M. | 1/31/12 | 5:38 P.M. | 2/22/12 | 7:19 P.M. |
| 1/11/12 | 6:31 P.M. | 2/1/12 | 7:34 P.M. | 2/29/12 | 8:33 P.M. |
| 1/14/12 | 8:34 A.M. | 2/2/12 | 7:43 P.M. | 3/2/12 | 8:45 A.M. |
| 1/16/12 | 5:52 P.M. | 2/4/12 | 9:38 A.M. | 3/5/12 | 7:43 P.M. |
| 1/17/12 | 8:09 A.M. | 2/6/12 | 7:45 P.M. | 3/6/12 | 6:52 P.M. |
| 1/18/12 | 5:59 P.M. | 2/8/12 | 8:27 P.M. | 3/19/12 | 7:31 P.M. |
| 1/20/12 | 4:15 P.M. | 2/9/12 | 12:50 P.M. | 3/20/12 | 6:45 P.M. |
| 1/21/12 | 6:34 P.M. | 2/10/12 | 5:21 P.M. | 3/26/12 | 6:28 P.M. |
| 1/26/12 | 7:29 P.M. | 2/15/12 | 6:20 P.M. | 3/26/12 | 6:34 P.M. |
| 1/27/12 | 7:29 P.M. | 2/18/12 | 8:16 A.M. | | |

22. On every call listed in Table 1 Monarch left the following voicemail on Ms. Harrison's cellular telephone:

> This is a message for Carrie Harrison. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge that you are Carrie Harrison. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to...

23. In addition to the telephone calls listed in Table 1, Monarch, on behalf of its client, GE CAPITAL, willfully communicated with Ms. Harrison by means two (2) letters dated December 22, 2011 and February 21, 2012. True and correct copies of the December 22, 2011 and February 21, 2012 letters are attached hereto as Exhibits C and D, respectively.

24. The telephone calls listed in Table 1 were willfully or knowingly made to Ms. Harrison's cellular telephone using an automatic telephone dialing system.

25. MONARCH did not have Ms. Harrison's consent to call Ms. Harrison's cellular telephone using automatic dialing equipment.

5

26. The telephone calls made to Ms. Harrison's cellular telephone were not made for emergency purposes.

27. The voicemails left on Plaintiff's cellular telephone were made using an artificial or prerecorded voice.

28. MONARCH did not inform Ms. Harrison in writing that MONARCH had been assigned Ms. Harrison's account before it took action to collect the alleged debt.

## COUNT I – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY GE CAPITAL

29. Plaintiff incorporates by reference paragraphs 7, 9, 10, 11, 12, 13, 14, 15, 17, 20 and 23 of this Complaint.

30. GE CAPITAL disclosed information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact in violation of Florida Statutes § 559.72(6).

31. GE CAPITAL could reasonably expect the debt collection activity described above to harass Ms. Harrison, in violation of Florida Statutes § 559.72(7).

32. MONARCH acted as GE CAPITAL's agent in the debt collection activities described above. GE CAPITAL, by and through its agent, MONARCH, willfully communicated with Ms. Harrison, even though GE CAPITAL was well aware that Ms. Harrison was represented by an attorney in violation of Florida Statutes § 559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, GE CAPITAL RETAIL BANK, for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II -- FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY MONARCH

33. Plaintiff incorporates by reference paragraphs 6, 7, 10, 11, 14, 15, 16, 17, 18, 19, 20, 23 and 28 of this Complaint.

34. By failing to disclose the purpose of the communication, by contacting Plaintiff with such frequency as can reasonably be expected to harass, and by having no procedures in place to ensure that consumer accounts placed by GE CAPITAL with MONARCH are not accounts associated with attorney representation, MONARCH willfully engaged in conduct the natural consequence of which is to harass in violation Fla. Stat. § 559.72(7).

35. By failing to conduct any due diligence whatsoever before attempting to collect Ms. Harrison's alleged debt, failing to provide Ms. Harrison with written notice that MONARCH had been assigned the alleged debt before taking action to collect it, all of which were done when MONARCH knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. § 559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor Plaintiff and against Defendant, MONARCH RECOVERY MANAGEMENT, INC., for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III -- UNLAWFUL USE OF TELEPHONE EQUIPMENT BY DEFENDANTS

36. Ms. Harrison incorporates by reference paragraphs 7, 9, 10, 11, 14, 15, 16, 17, 20, 21, 22, 24, 25, 26 and 27 of this Complaint.

37. GE CAPITAL, by and through its agent, MONARCH, and MONARCH willfully and knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone and or pre-

7

recorded or artificial voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, GE CAPITAL RETAIL BANK and MONARCH RECOVERY MANAGEMENT, INC., for:

a. Damages; and

b. Such other or further relief as the Court deems proper.

## COUNT IV – INJUNCTIVE RELIEF

38. Plaintiff incorporates by reference paragraphs 8, 9, 10, 11, 13, 14, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27 and 28 of this Complaint.

39. Plaintiff seeks a permanent injunction prohibiting the Defendants from continuing their violations of the FCCPA.

WHEREFORE, Plaintiff request that the Court enter judgment:

c. declaring that Defendants' practices violated the FCCPA;

d. permanently enjoining the Defendants from engaging in the violative practices; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff, Carrie Harrison, demands trial by jury in this action.

WENDELL FINNER, FBN: 93882
RYAN G. MOORE, FBN: 0070038
Wendell Finner, P.A.
340 Third Avenue South, Suite A
Jacksonville Beach, FL 32250-6767
P: (904) 242-7070
F: (904) 242-7054